Richard B. Lind, Esq.
Attorney At Law
575 Lexington Avenue – 4th Floor
New York, NY 10022
Telephone: (917) 747-9603 Email: rlind@lindlawyer.com

February 9, 2021

**_By ECF_**
Hon. Margo K. Brodie
United States District Judge
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    <u>United States v. Victor Leonel Estrada-Tepal</u>
                 14 CR 105 (MKB)

Dear Judge Brodie:

      Defendant Victor Estrada-Tepal submits this letter in reply to the government's June 11, 2020 letter to the Court (Doc. 155) ("Gov't Ltr.") that in turn responded to Mr. Tepal's *pro se* submission (Doc. 152) which sought a sentence reduction under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). The government's letter advanced two arguments, namely that Victor failed to satisfy his exhaustion requirement; and that he had not shown extraordinary and compelling reasons for a reduction in his sentence. Because of recent developments, both arguments fail.

      I.      Victor Has Satisfied The Exhaustion Requirement

      In September 2020, Victor was transferred from the federal prison in Oakdale, Louisiana to the federal prison CI Big Spring under the auspices of GEO group in Big Spring, Texas. On or about December 7, 2020, I emailed a letter to the Warden of CI Big Spring at <u>BSC-General@bop.gov</u>. A copy of my letter is annexed hereto as Exhibit A. I have never received a reply.

      As the government's letter itself recognizes, the exhaustion requirement has been satisfied where, as here, under 18 U.S.C. § 3582(c), the Bureau of Prisons "allow[s] 30 days to lapse after receipt of a request by the warden of the defendant's facility," Govt. Ltr. at 4, citing *United States v. Roberts*, No. 18 Cr. 528 (JMF), 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020). Such are the circumstances here.

1

## II. Victor's Circumstances Are "Extraordinary and Compelling"

In its Letter, the government alleges that even if Victor had satisfied the "exhaustion" requirement, his motion should be denied since he had failed to demonstrate "extraordinary and compelling reasons" to warrant a sentence reduction. *See* Govt. Ltr. at 6-7. In light of recent developments in Victor's case, and decisions by the Second Circuit and other Courts, it is manifest that Victor's motion satisfies the appropriate standard since there are "extraordinary and compelling reasons" in his case. *See e.g., United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020).

The government first alleges in its reply brief that Victor's "claims of good behavior are irrelevant for purposes of this motion." Govt. Ltr. at 7. This allegation is no longer accurate in light of *Brooker* and other decisions. As Judge Rakoff noted in *United States v. Rodriguez*, 00 Cr. 761 (JSR)(S.D.N.Y. Sep. 30, 2020), at *4: "[A]s the Second Circuit recognized in [*Brooker*] while rehabilitation 'alone' is insufficient, 'it can interact with the present coronavirus pandemic' to create an extraordinary and compelling reason for a sentence."

The government's second assertion -- namely, that a "*generalized risk* of potential exposure to COVID-19 while in custody is an insufficient basis for release," *id.* at 6 -- also fails. Here, as Victor's medical records, annexed hereto under seal, demonstrate, it is clear that Victor contracted COVID-19 in prison a few weeks ago. Accordingly, under Guidelines Section 1B1.13, Victor "has a serious medical condition." Thus, as Judge Seybert noted in *United States v. Pellegrino*, 18 CR 496 (JS)(E.D.N.Y. Sep. 30, 2020) : "Defendant's motion [in that case] differs from many the Court has received because he has, unfortunately, contracted *and recovered* from COVID-19." *Id.*, at *3 (emphasis added). By comparison, the government allegation that "the *risk* of potential exposure to COVID-19 in a BOP facility [actually CI Big Spring is a "GEO" facility overseen by the BOP] cannot alone form the basis to release a prisoner," Govt. Ltr. at 6, is simply erroneous in the present circumstances.

Thirdly, in its brief, the government maintains that Victor cannot demonstrate that family circumstances justify his release, principally because Victor does not allege that his wife is incapacitated "or that [Victor] would be the only available caregiver." Govt. Ltr. 7. This no longer accurate. As stated in our letter to the Warden, Victor's parents, uncles and other relatives have passed away. Moreover, "[Victor's] wife has a serious case of arthritis and requires a caretaker such as her husband. He sends the little money that he earns in prison jobs to provide some small amount of money *to keep her alive*." Exhibit A (emphasis added).

The government's final argument is that the "Section 3553(a) factors warrant against any relief." We submit that the government is incorrect. As the prosecution correctly notes, this Court must consider the Section 3553(a) factors; nonetheless, its assertions run counter to the holding in *Brooker* and the will of Congress in amending §3582(c)(1)(A). A post-sentence reduction exists precisely so that courts may reexamine the §3553(a) factors because of new and better information. As *Brooker* discussed at

2

length, Congress's purpose in amending §3582(c)(1)(A), among other reasons, was to "expand" and "increase the use" of sentence reductions. *Brooker*, 976 F.3d at 233.

Finally, as to the appropriate sentence, Judge Rakoff correctly observed in *Rodriguez* that, after *Brooker*, Courts had the authority to impose a "compromise" because while, before, the compassionate release statute authorized either immediate release or no release, but nothing in between. *Brooker* "recognized such flexibility."

In conclusion, we respectfully submit that Victor should be immediately released; or, this Court should sharply reduce his remaining sentence. Thank you for the Court's consideration of this application.

Respectfully submitted,

/s/

Richard B. Lind

cc: AUSA Andrew W. Wang (by ECF)(with Exhibits)