UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA,

- against -

VICTOR LEONEL ESTRADA-TEPAL,

                Defendant.

---------------------------------------------------------------

**ORDER**
14-CR-105 (MKB)

MARGO K. BRODIE, United States District Judge:

      On January 13, 2015, Defendant Victor Leonel Estrada-Tepal pled guilty to one count of conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594(c) and one count of sex trafficking of a child in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2), and (b)(2).  (Superseding Indictment, Docket Entry No. 90; Min. Entry dated Jan. 13, 2015, Docket Entry No. 99.)  On December 15, 2015, the Court sentenced Estrada-Tepal to 210 months of imprisonment on each count, with both sentences to run concurrently, to be followed by five years of supervised release, and ordered Defendant to pay restitution in the amount of $1,033,336 (jointly and severally with his co-defendants).  (J. and Order, Docket Entry No. 140.)  On April 27, 2020, Estrada-Tepal filed a motion for compassionate release seeking a reduction of his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that he is at risk of contracting COVID-19 at Federal Correctional Institute Oakdale II, Oakdale, Louisiana ("FCI Oakdale II") and that the need to care for his sick wife warrants the modification of his sentence and his release.  (Def.'s Mot. to Reduce Sentence ("Def.'s Mot.") 2, Docket Entry No. 152.)  The

Government opposes Estrada-Tepal's motion.[1]  (Gov't Mem. in Opp'n to Def.'s Mot. ("Gov't Opp'n") 1, Docket Entry No. 155.)

For the reasons discussed below, the Court denies Estrada-Tepal's motion.

I. **Background**

  a. **Guilty plea and sentencing**

Between 2007 and January of 2014, Estrada-Tepal and his co-defendants conspired to engage in sex trafficking in violation of 18 U.S.C. § 1591(a)(1).  (Presentence Investigation Report ("PSR") ¶ 1, Docket Entry No. 120.)  Between April of 2009 and February 7, 2010, Estrada-Tepal and his co-defendants engaged in the sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2), and (b)(2).  (*Id.*)  On or about August 9, 2011, Estrada-Tepal drove a victim to a residence in Queens, New York, and pressured her to "pay [a] debt resulting from her being smuggled into the United States."  (*Id.* ¶ 5.)  Estrada-Tepal informed the victim that she had to work as a prostitute to pay her debt and "threatened to harm her family if she did not work."  (*Id.*)  For a period of time, the victim gave Estrada-Tepal the money she earned from prostitution.  (*Id.* ¶ 6.)  Ultimately the victim fled.  (*Id.* ¶ 8.)

After conducting an investigation, agents arrested Estrada-Tepal on January 30, 2014.  (*Id.* ¶¶ 14–15.)  On January 13, 2015, Estrada-Tepal pled guilty to one count of conspiracy to

---

[1] After seeking additional time to respond to Estrada-Tepal's motion, the Government filed an opposition on June 11, 2020.  (Gov't Letter dated May 29, 2020, Docket Entry No. 154; Gov't Opp'n.)  The Court thereafter appointed new counsel to Estrada-Tepal on September 4, 2020, (Order dated Sept. 4, 2020, Docket Entry No. 156), and on October 20, 2020, counsel requested additional time to file a response, (Def.'s Letter dated Oct. 20, 2020, at 1, Docket Entry No. 158), and ultimately filed a response on February 9, 2021, (Def.'s Letter dated Feb. 9, 2021, Docket Entry No. 159).  On March 24 and April 26, 2021, the Court ordered the Government to provide an update as to Estrada-Tepal's COVID-19 diagnosis and status, (Order dated Mar. 24, 2021; Order dated Apr. 26, 2021), and the Government filed a response on April 30, 2021, (Gov't Letter dated Apr. 30, 2021, Docket Entry No. 160).

commit sex trafficking in violation of 18 U.S.C. § 1594(c) and one count of sex trafficking of a child in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2), and (b)(2). (Tr. of Proceedings dated Jan. 13, 2015 ("Tr") 31:19–21, Docket Entry No. 106.) On December 15, 2015, the Court sentenced Estrada-Tepal to 210 months of imprisonment on each count, with both sentences to run concurrently, to be followed by five years of supervised release, and ordered him to pay restitution in the amount of $1,033,336 (jointly and severally with his co-defendants). (J. and Order.) Estrada-Tepal is currently serving his term of incarceration at FCI Oakdale II, with a tentative release date of December 29, 2028. (Def.'s Mot.)

### b. Compassionate release application

In his motion for compassionate release, Estrada-Tepal seeks a reduction of his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot.) In support, Estrada-Tepal asserts that some of his family members have died since his incarceration, that his wife has advanced arthritis, and that the wages he earns in prison are insufficient to support his wife through her ailment. (*Id.* at 1.) He argues that he has "stayed out of trouble while incarcerated" and that the Court should provide him with the "opportunity to be with [his] family, during th[ese] difficult times[] because they need [his] help and [his] presence, [just] as much as [he] need[s] them." (*Id.*) Estrada-Tepal, who is thirty-five years old, asserts that as a deportable alien, he is ineligible for relief programs such as "home confinement, halfway house, or probation." (*Id.* at 2.)

In response, the Government argues that as of June 11, 2020, Estrada-Tepal "has not submitted any request for the warden of [his] facility to bring a motion for compassionate release on his behalf" and that because Estrada-Tepal "has failed to exhaust, or even pursue, his

administrative remedies, the Court should deny the instant motion on this basis alone."[2] (Gov't Opp'n 5.) The Government also argues that Estrada-Tepal has failed to identify extraordinary and compelling reasons for release, that the section 3553(a) factors weigh against any relief, and that "[t]he nature and extent of [Estrada-Tepal's] crimes are reason enough to deny [his] motion." (*Id.* at 6–8.)

On January 10, 2021, Estrada-Tepal tested positive for COVID-19.[3] (Def.'s Letter dated Feb. 9, 2021, at 2; Gov't Letter dated Apr. 30, 2021, at 1.) On February 9, 2021, counsel for Estrada-Tepal filed a letter stating that the "recent developments" made his circumstance extraordinary and compelling. (Def.'s Letter dated Feb. 9, 2021, at 1–2.) As of April 30, 2021, "FCI Oakdale II ha[d] no open cases of COVID- 19 among staff, no open cases among inmates, and three previous inmate deaths." (*Id.*)

**II. Discussion**

The Court finds that a reduction of Estrada-Tepal's sentence is inconsistent with the section 3553(a) factors.

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). Pursuant to section 3582(c)(1)(A)(i), "a district court 'may reduce' the term of a defendant's imprisonment 'if it finds that . . . extraordinary and compelling reasons warrant such a reduction.'" *United States v. Roney*, 833 F. App'x 850, 852 (2d Cir. 2020) (quoting 18 U.S.C.

---

[2] On February 9, 2021, counsel for Estrada-Tepal filed a letter stating that Estrada-Tepal has satisfied the exhaustion requirements. (Def.'s Letter dated Feb. 9, 2021, at 1–2.)

[3] The Government asserts that Estrada-Tepal "exhibited some symptoms at that time, including a cough, fever and chills" but that he "has since recovered from COVID-19." (Gov't Letter dated Apr. 30, 2021, at 1.)

4

§ 3582(c)(1)(A)); *see also United States v. Fernandez*, No. 20-CR-2467, --- F. App'x ---, ---, 2021 WL 1749725, at 1 (2d Cir. May 4, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Under section 3582(c), and as relevant here, courts may modify a previously imposed sentence where:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that —
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least [seventy] years of age, has served at least [thirty] years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i)–(ii). Thus, even if a district court decides that a movant has shown extraordinary and compelling reasons for compassionate release, the court must also consider whether the factors set forth in 18 U.S.C. § 3553 support release. *See United States v. Butler*, No. 20-CR-1379, --- F. App'x ---, ---, 2021 WL 1166001, at *3 (2d Cir. Mar. 29, 2021) ("[T]he district court acted well within its discretion in concluding that, even if extraordinary and compelling circumstances existed for his release, [the petitioner's] compassionate release motion

5

should be denied because his release was not consistent with the [s]ection 3553(a) factors in this case."); *Roney*, 833 F. App'x at 853 ("We need not decide whether [the appellant] has proffered an extraordinary and compelling reason that warrants his release . . . because, even assuming *arguendo* that he has, we discern no abuse of discretion in the district court's conclusion that release is nevertheless unwarranted upon consideration of the [section] 3553(a) factors.").

The Court finds that the requested relief is inconsistent with the section 3553(a) factors.[4] While the Court recognizes Estrada-Tepal's efforts to engage in rehabilitation since his December 15, 2015 sentencing, Estrada-Tepal "participated in a years-long conspiracy that exploited the poverty and naiveté of young women and girls from Mexico, forcing them through rape, beatings and psychological manipulation to act as prostitutes, all to line his own pockets." (Gov't Opp'n 7–8; PSR ¶¶ 1–6, 14–15.) In addition, Estrada-Tepal has served approximately sixty-four months of his sentence of 210 months, which was at the low end of the guideline range, and a reduction would not adequately "reflect the seriousness of the offense, . . . promote respect for the law, [or] . . . provide[] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).[5]

---

[4] The Court takes seriously the threat posed by the pandemic to incarcerated individuals and sympathizes with Estrada-Tepal that he contracted COVID-19. The Court notes that Estrada-Tepal has since recovered. (Def.'s Letter dated Feb. 9, 2021, at 2.)

[5] Because the Court finds that a reduction of Estrada-Tepal's sentence is inconsistent with the section 3553(a) factors, the Court declines to address the Government's argument that Estrada-Tepal failed to exhaust his administrative remedies. (*See* Gov't Opp'n 5.)

6

### III. Conclusion

Accordingly, for the reasons explained above, the Court denies Estrada-Tepal's motion for compassionate release.

Dated: May 18, 2021
      Brooklyn, New York

                                      SO ORDERED:

                                      _____s/ MKB_____
                                      MARGO K. BRODIE
                                      United States District Judge